Law Office of Mathew P Wattoff
Attorney for the Debtor(s)
14 Main Street
Hyde Park NY  12538
(845) 337-7770

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

                                                     CHAPTER 13
ANTHONY J. ARANA, SR.,                     CASE NO. 10-35018(cgm)

                      Debtors.
---------------------------------------------------------X

**MOTION VOIDING LIEN PURSUANT TO 11 U.S.C. §§506(a), 506(d)**

**TO THE HONORABLE CECILIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

       The Motion of ANTHONY J. ARANA, SR. (the "debtor") by his attorney, Mathew P Wattoff, respectfully alleges:

       1.     On January 6, 2010, the debtor filed a Petition for Reorganization under Chapter 13 of the Bankruptcy Code.

       2.     Prior to the filing of the instant petition, the debtor owned and continues to own a residence located at 353 Cary Road, Fishkill NY  12524.

       3.     At the time of the filing of the petition, the residence was encumbered by a first mortgage lien held by One West Bank, FSB, fka Indymac Bank FSB ("ONE WEST BANK") in the approximate sum of FOUR HUNDRED SIXTY THOUSAND, ONE HUNDRED AND TWENTY-FIVE DOLLARS ($460,125.15).  Annexed hereto as Exhibit "A" is a proof of claim filed by said creditor.

       4.     At the time of the filing of the petition, the residence was encumbered by a second mortgage lien held by ONE WEST BANK in the sum of approximately ONE HUNDRED AND THIRTEEN THOUSAND DOLLARS ($113,000.00). Annexed hereto as

1

Exhibit "B" is mortgage register from the Dutchess County Clerk and credit report excerpt evidencing said claim.

5. On December 14, 2009, ELLISE DIROMA, a NY STATE CERTIFIED RESIDENTIAL APPRAISER, performed an appraisal on the debtors' residence and determined it to have a value of FOUR HUNDRED AND FIFTY THOUSAND DOLLARS ($450,000.00). Annexed hereto as Exhibit "C" is a copy of said Appraisal.

## A.
### THE SECOND MORTGAGE LIEN HELD BY ONE WEST BANK AGAINST THE DEBTOR'S RESIDENCE HAS A SECURED VALUE OF ZERO AND IS VOID AND SHOULD BE DISALLOWED IN ITS ENTIRETY

6. Pursuant to 11 U.S.C. §§506(a) and 506(d), the debtors may void the second mortgage lien against the residence.

7. Section 506(a) of the United States Bankruptcy Code provides, in pertinent part:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim....

8. Section 506(d) of the United States Bankruptcy Code provides, in relevant part:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void....

9. At the time of the filing of the petition, the residence was encumbered by a first mortgage lien held by ONE WEST BANK in the approximate sum of FOUR HUNDRED SIXTY THOUSAND, ONE HUNDRED AND TWENTY-FIVE DOLLARS ($460,125.15).

10. Upon information and belief, the value of ONE WEST BANK'S interest in the property secured by such lien is FOUR HUNDRED SIXTY THOUSAND, ONE HUNDRED AND TWENTY-FIVE DOLLARS ($460,125.15).

11. By reason of the foregoing, it should be determined that the value of the secured claim is FOUR HUNDRED SIXTY THOUSAND, ONE HUNDRED AND TWENTY-FIVE DOLLARS ($460,125.15).

12. At the time of the filing of the petition, the residence was encumbered by a second mortgage lien held by ONE WEST BANK in the sum of approximately ONE HUNDRED AND THIRTEEN THOUSAND DOLLARS ($113,000.00).

13. Upon information and belief, the value of ONE WEST BANK'S interest in the estate's interest in the property secured by such second mortgage lien is ZERO.

14. By reason of the foregoing, the lien securing said claim should be disallowed and declared void.

**WHEREFORE,** it is respectfully requested that the second mortgage lien held by ONE WEST BANK against the debtor's residence be valued at zero, be disallowed and declared void, with any proof of claim filed by said creditor be amended to reflect same, and the debtors be granted such other and further relief as to the Court may seem just and proper.

Dated: Hyde Park, New York
March 25, 2010

Law Office of Mathew P Wattoff

*/s/ Mathew P Wattoff*
_____
Mathew P Wattoff, Esq.
14 Main Street
Hyde Park, NY 12538
(845)337-7770